## McAdams v. Leverich.[1]

*(District Court, S. D. New York. May 28, 1888.)*

SHIPPING—CHARTER-PARTY—DEFECTS IN VESSEL.

Libelants chartered respondent's steamer to carry passengers between New York city and Bedloe's island. On delivery of the vessel, defects were found in her engines, which prevented the safe running of the boat. Libelants attempted to repair the defects, but, being unable to do so, returned the vessel, and brought this suit for damages. The defense was that the boat was in good order when delivered, and that the defects were subsequently occasioned by libelants' engineer. *Held*, on the evidence, that the boat, when delivered, was not fit to enter safely upon the service for which she was engaged, through defects in the engines; that, after unsuccessfully attempting to remedy the defects, libelants were justified in returning the boat, and entitled to recover such actual legal damage as could be shown

In Admiralty. Libel for breach of charter in delivering vessel unfit for use on route specified in charter.

*Wilcox, Adams & Macklin*, for libelants.

*Fullerton & Rushmore*, for respondent.

BROWN, J. On the 31st of March, 1887, the libelants, by written contract of that date, chartered from the respondent "the side-wheel steamer Iona, for the season of 1887, from the 31st day of March, or as soon thereafter as she could be got ready, for the purpose of plying between New York city and Bedloe's island, for the sum of $2,200 for the season, to be delivered to the charterers at Fishkill." By a subsequent modification it was agreed that the steamer should be delivered to the plaintiffs at Communipaw, Jersey City. She was there delivered to the libelants on Saturday, April 2d. The steamer had two compound engines, working independently, one for each wheel. On attempting to use her, it was found that the engines did not work satisfactorily. They would stop upon the center when attempting to back; and once or twice, when the boat careened, they came to a stop without signal. Twice she ran upon the dock because not properly answering the signal to stop. This irregular action occurred on the first day of her trial, after she was delivered at Jersey City, and, according to the evidence, before any changes were made in the attempt to improve her. The engineer in charge of her at that time appears to have been a competent man, accustomed to the use of compound engines, and to handling both together. In consequence of her irregular action but a few trips were made on the first day; and, as she was considered dangerous, she was at once examined by the engineer, and by Mr. Russell, a skilled mechanic, and some changes were made in the eccentrics. It was believed that the pistons leaked through wear. The springs of the rings were found loose, and were tightened; but a complete examination could not be made. The engineer refused to run her, believing her dangerous; and during the fortnight following two other engineers were employed. She was tried

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

from time to time, and made a few trips, but with the same results as before; and on the 16th she was returned by the charterers to the respondent at Fishkill. The engineer, who had brought her down the river without finding any difficulty, testified that on examining her at Fishkill he found the valves changed from the position in which he had placed them, so as to produce the irregularities complained of; that, after tightening the rings, and doing various other repairs upon the boat, she was run by him subsequently from New York to Fire island and elsewhere during the season without difficulty. Various witnesses were called on both sides, and the conflict as to the facts is specially embarrassing. Under the provisions of this charter, it was the duty of the respondent to deliver the steamer in a fit condition for immediate use upon the route specified. In the crowded navigation of this harbor engines which would not reverse upon the proper movements by the engineer, and were liable at any time to stop on the center, or to stop when the boat careened, were not fit for use, because involving great danger to the lives of her own passengers and to those on board of other vessels. This is not disputed; but in behalf of the respondent it was contended that nothing was the matter with these engines until the adjustments had been changed by the libelants' men, after she was delivered. But it is not credible that any change was made in the adjustment of the valves, or that the rings or pistons were changed before the trips made on the first day of service, or before the difficulties were found in running her which necessitated the endeavor to remedy the defects. Nor can I discredit the testimony of the various witnesses who testified that she did stop in the dangerous manner alleged. Nor is it probable that the engineer who was first employed would have refused to continue the attempt to run her, had no substantial difficulty existed. Reasonable efforts were made by the libelants to remedy the defects. Notice was given to the respondent, who, after causing an examination, refused to take back the boat. But the person who made the examination in his behalf was not called as a witness on the trial. The respondent's engineer testifies that when the boat was returned she did not work properly, and, though he ascribes this to the change in the valves, this explanation in no way accounts for the difficulties that arose before the valves were changed. It was the judgment of all the libelants' engineers and examiners that the pistons leaked. On the whole, I am of the opinion that the weight of testimony shows that the boat, when delivered at Jersey City, was not fit to enter safely upon the service for which she was engaged, through defects in the engines; that, in order to remedy these defects, the libelants made all the efforts that were legally incumbent upon them; so that, when those efforts were found to be unsuccessful, they were justified in returning the boat, as they did; and they are therefore entitled to such actual legal damages as may be shown upon the reference which will be ordered for that purpose.